## G. W. PORTER v. HUGH BARCLAY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—747.]

**Right to an Acquired Easement.**

    One owning an easement to pass over the land of another, evidenced by a written contract based upon a valuable consideration, can not be deprived of his easement by the grantee of him who has granted the easement when the grantee of the land had notice of the existence of such easement when he purchased.

APPEAL FROM WARREN CIRCUIT COURT.

April 29, 1886.

OPINION BY JUDGE PRYOR:

It is an immaterial inquiry whether the conveyance from Smith to Patterson embraced or contained any reservation of the right of way claimed and used by the appellee, Barclay. Blewett owned the land over which the passway is claimed and sold it to Smith and Smith to Porter. Barclay used the passway while all the parties lived on the land, and obtained the right by a contract in writing entered into between himself and Blewett, the original owner. Blewett sold to Barclay by the terms of the contract the right of way over his land, describing it, and Barclay sold to Blewett the right of way through his lands, describing it, and also gave to Blewett and his family and employes the right to pass his toll-gate free of charge, the one being in consideration of the other. It was also distinctly understood that "the above grants (meaning the right of way) of the right of way is for the use of said Barclay and Blewett and their families and to no one else."

Smith, when he purchased from Blewett, was informed of this right of way on the part of Barclay, and made some additional contract with Barclay in regard to the right of Smith to pass through the toll-gate, but in no manner changed or affected Barclay's right to the passway through the land Smith had bought of Blewett. When Porter purchased the land of Smith and before the trade was consummated he was informed by both Smith and Blewett of this right on the part of Barclay, and made that as an objection to the purchase. Besides, the use of the passway by appellees was known to Porter, and that he was fully informed of this incumbrance or right when he purchased of Smith is too plain for controversy. The fact that the deed from Blewett to Smith and from Smith to Porter failed to reserve this right for Barclay can make no difference unless Porter purchased without notice. Barclay held the writing from Blewett, and it was something more than a mere license to pass over the land. It was a contract based upon a consideration valuable in land, and which can be enforced against all parties having notice. The right of way over the one tract was given in consideration of the right of way over the other, and Blewett in addition had his toll free. Smith thought proper, and we think wisely, to make an additional contract with Barclay, because the contract between Blewett and Barclay confined the right to the use to the contracting parties and

their families.   As to Barclay's right it is clearly an easement evidenced by a writing and based upon a valuable consideration. The judgment below was proper and should be *affirmed.*

*Wilkins & Sims, E. W. Hines, for appellant.*

*Mitchell, for appellees.*